**UNITED STATES of America,**

v.

**Paul M. HUGHES et al., Defendants.**

United States District Court
S. D. New York.
Aug. 12, 1964.

Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York, Donald J. Cohn, Asst. U. S. Atty., of counsel, for the United States.

Bruno Schachner, New York City, and Saxe, Bacon & O'Shea, Stephen Hochhauser, New York City, of counsel, for defendant Hughes.

HERLANDS, District Judge.

Does a "reduction" of sentence have the same effect as an "imposition" of sentence for the purpose of Rule 35, F.R.Crim.Proc., so as to start anew the

running of the sixty-day period within which the Court may again reduce the sentence.[2]

This question of novel impression is presented by the motion at bar by the defendant for a further reduction of his sentence. He seeks to reduce his sentence heretofor imposed on June 17, 1964, "to the time already served."

The following is the pertinent chronology:

| | |
|---|---|
| June 21, 1963 | Sentence of 18 months imposed. |
| May 18, 1964 | Receipt of the order of the United States Supreme Court, 377 U.S. 940, 84 S.Ct. 1332, 12 L.Ed.2d 304, denying an application for a rehearing of defendant's petition for a writ of certiorari. |
| May 25, 1964 | Defendant surrendered to serve the sentence. |
| June 17, 1964 | This Court's order on motion duly made by defendant, modifying defendant's sentence by reducing the term to one year and one day and making the defendant eligible for parole one month from May 25, 1964, pursuant to Title 18 U.S.C. Section 4208(a)(1). |
| August 5, 1964 | Present motion for further reduction. |

The record fact, therefore, is that the present motion has been made more than sixty days after the sentence was imposed (June 21, 1963); and more than sixty days after the alternative conditions specified in Rule 35.

Defendant contends that the sixty-day period recommences from June 17, 1964, when the Court reduced the sentence. Defendant argues that the said reduction has the same legal effect as an imposition of a sentence.

The Court concludes that this position is untenable and that this Court does not now possess the power again to reduce defendant's sentence.

■ A reduction of sentence is not the same as an imposition of sentence. While there is no square holding couched in that language, the terms, logic and policy of Rule 35 require that conclusion.

This interpretation is supported by the analogous decision in Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964).

In Berman, the trial judge had held that the time to file a notice of appeal (10 days under F.R.Crim.Proc. rule 37) began to run anew from the time the Court decided a motion for reduction of sentence. The Court of Appeals for this circuit disagreed with the District Court; and the Supreme Court affirmed the Court of Appeals.

■ The existence of circumstances over which the defendant had no control (cf. Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964)) is not a fact in the present case. In the absence of such circumstances, the 60-day period prescribed in Rule 35 will not be enlarged. F.R.Crim.Proc. rule 45(b); Urry v. United States, 316 F.2d 185, 196 (10th Cir., 1963); United States v. Chicago Professional Schools, Inc., 302 F.2d 549, 550 (7th Cir., 1962).

In view of the foregoing, the motion is denied.

So ordered.