**UNITED STATES of America,**
v.
**David REEVES, Defendant.**
**No. 64 Cr. 65.**

United States District Court
S. D. New York.
May 2, 1966.

---

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, by R. Harcourt Dodds, Asst. U. S. Atty., for the United States.

Daniel Greenberg, New York City, for defendant.

TYLER, District Judge.

David Reeves has made a motion pursuant to Rule 35, F.R.Cr.P.,[1] for a reduction of sentence. Reeves was convict-ed on January 7, 1965 by this court for violations of the federal narcotics laws and was sentenced to eight years imprisonment. The Court of Appeals for the Second Circuit affirmed the conviction on June 28, 1965.[2] See United States v. Reeves, 348 F.2d 469, 2 Cir. 1965. Reeves then requested, and received from the Supreme Court, an order extending his time to petition for a writ of certiorari to September 20, 1965. The petition, however, was never filed.

On August 19, 1965, Reeves made a motion pursuant to Rule 33, F.R.Cr.P. for a new trial. After holding a hearing, this court denied the motion on October 15, 1965. Thereupon Reeves applied to this court for leave to appeal *in forma pauperis* the denial of his motion for a new trial, which application was also denied. An application for the same relief was denied by the Court of Appeals on November 8, 1965. Reeves then petitioned for a writ of certiorari to review the November 8th order of the Court of Appeals. Certiorari was denied by the Supreme Court on February 28, 1966.

For reasons to be set forth hereinafter, I hold that this court has no jurisdiction to entertain the present motion for reduction of sentence. Such a motion must be brought within 60 days after one of three specified events: (1) the imposition of sentence; or (2) the receipt by the sentencing court of a mandate issued upon affirmance of the judgment or dismissal of the appeal; or (3) the receipt of an order of the Supreme Court denying an application for a writ of certiorari.

---

1. Rule 35 provides: "The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

2. Although the Court of Appeals rendered its decision on June 28, 1965, this court did not receive its mandate until July 23, 1965. Therefore, Reeves had from July 23, 1965 until September 23, 1965 to file a motion for a reduction of sentence. He did not file within this time period.

The motion before the court is not timely within any of the three periods prescribed by the Rule. More than 60 days have elapsed since the sentencing date; similarly, more than 60 days have elapsed since the Court of Appeals issued its mandate affirming Reeves' conviction. Finally, since no petition for a writ of certiorari was made to the Supreme Court for direct review of the validity of the conviction, that portion of the statute relevant to filing of motions to reduce after such procedure is inapplicable.

■ Since the instant motion was filed with this court on April 12, 1966, Reeves and his counsel presumably are under the impression that defendant had 60 days after the receipt of the order of the Supreme Court of February 28, 1966 denying his application for a writ of certiorari within which to file a motion to reduce. But the apparent vice of this interpretation of Rule 35 is that it would allow a motion for reduction of sentence after any collateral attack, no matter when made, upon a judgment of conviction and the Supreme Court thereafter has refused to grant certiorari to review denial of collateral relief. It is at once obvious that this was not the intent of the rule makers when Rule 35 was enacted. As a matter of plain meaning of the language used, the statutory reference to the 60 day period after receipt of an order denying certiorari quite evidently is limited to applications for certiorari in the nature of direct review of judgments of conviction. See United States v. Hughes, 36 F.R.D. 25 (S.D.N.Y. 1964).

Here, as already indicated, the only certiorari petition actually filed by or on behalf of Reeves was one seeking to review a denial of his motion for leave to appeal *in forma pauperis* this court's denial of his motion for a new trial. Such an issue is clearly "collateral" to the question of the legality or validity of the conviction itself.

In my view, this interpretation of Rule 35 not only comports with the plain language thereof but also serves the desiderata of providing finality of criminal proceedings while at the same time permitting a convicted person reasonable opportunities of appellate review without undue restrictions upon his right to apply to the sentencing judge for a reduction of the sentence imposed.

■ Although there is judicial authority for the proposition that a district court may not entertain a motion for reduction of sentence during the pendency of an appeal,[3] it does not follow therefrom that the 60 day period after a Court of Appeals has issued its mandate can be tolled by filing a motion for a new trial based on newly discovered evidence.[4] The fact that Reeves filed such a motion on August 19, 1965, thus, did not extend or suspend the 60 day period for the purposes of complying with Rule 35.

■ The time periods provided by Rule 35 are mandatory and cannot be enlarged by a district judge. Urry v. United States, 316 F.2d 185, 10 Cir. 1963; Johnson v. United States, 235 F.2d 459, 5 Cir. 1956; see United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). Indeed, the limitation on judicial enlargement is specifically found in Rule 45(b), F.R.Cr.P.[5]

Because this court has no power to enlarge the time periods prescribed by Rule

---

3. United States v. Claus, 5 F.R.D. 278 (E.D.N.Y.1946).

4. Pursuant to Rule 33, F.R.Cr.P., a motion for a new trial based on newly discovered evidence may be made at any time within two years from the date of conviction.

5. Rule 45(b) F.R.Cr.P., after providing that the court for good cause shown, may enlarge the time set forth in the various rules provides: "but the court may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those rules, or the period for taking an appeal."

35, and since Reeves filed the present application for reduction after all of the time limitations provided in Rule 35 had expired, his motion must be and is denied.

It is so ordered.