**UNITED STATES of America,**

v.

**Antonio J. RANNAZZISI, Defendant.**

No. S 76 Cr. 1031.

United States District Court,
S. D. New York.

Jan. 30, 1978.

Robert B. Fiske, Jr., U. S. Atty., Lawrence Iason, Asst. U. S. Atty., New York City, of counsel, for the Government.

C. John Prince, Jamaica, N. Y., for defendant.

MEMORANDUM

IRVING BEN COOPER, District Judge.

The defendant moves for a second reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure, or alternatively for modification of the Judgment and Commitment Order to provide that defendant may become eligible for parole at such time as the Board of Parole may determine. See 18 U.S.C. Section 4205(b)(2). For the reasons discussed herein, defendant's motion is denied in its entirety.

By his plea of guilty entered March 8, 1977 defendant stands convicted of illegally accepting money from dealers in meat whose premises he inspected while a sworn official of the United States Department of Agriculture. On May 11, 1977 we sentenced him to eighteen months. Thereafter defendant timely moved for a reduction of sentence, and by order dated July 21, 1977 we denied defendant's application but reduced his sentence on the Court's own motion to one year, based exclusively on our independent study of defendant's family and the almost disastrous effects on them of defendant's incarceration. *United States v. Rannazzisi*, 434 F.Supp. 619, 625 (S.D.N. Y.1977).

By the instant application defendant seeks a further modification of the sentence we originally imposed. Rule 35 requires that such a motion be brought on within 120 days from the date of sentence; in this case that time period began to run on May 11, 1977 and expired on September 8, 1977, more than five weeks before the

filing of the instant motion before us.[1] The date of our order reducing defendant's sentence is irrelevant to the commencement of the 120 day period, for it is the date sentence is imposed which controls. *United States v. Hughes*, 36 F.R.D. 25 (S.D.N.Y. 1964). We are therefore without jurisdiction to consider defendant's application.

As to defendant's request for relief under 18 U.S.C. Section 4205(b)(2), we are compelled to deny this portion of his total application, for Section 4205 applies only to defendants who have been sentenced to a term of imprisonment *exceeding* one year. Because defendant is serving a one year sentence he is not eligible for consideration under the statute he cites.

Accordingly, we are constrained to and do deny in its entirety defendant's second motion for a reduction of sentence.

SO ORDERED.

---

1. Defendant's second motion pursuant to Rule 35 was filed with the Clerk of Court on October 19, 1977. Because the motion papers were defective in that no return date was recited, defendant subsequently filed corrected papers on November 17, 1977. The Government filed its response on November 25, 1977.