**UNITED STATES of America, Appellee,**

v.

**Lee A. LANIER, Appellant (Two cases).**

**Nos. 79–1206, 79–1323.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1979.

Decided Sept. 17, 1979.

---

Lee A. Lanier, filed brief pro se.

Robert D. Kingsland, U.S. Atty., and Edward L. Dowd, Jr., Asst. U.S. Atty., St. Louis, Mo., filed brief for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Lee A. Lanier was convicted in the United States District Court for the Eastern District of Missouri on May 14, 1977 of three counts of making and causing to be made false, fictitious and fraudulent statements and representations in violation of 18 U.S.C. § 1001. He was sentenced to three consecutive four-year terms of imprisonment. His conviction was affirmed on appeal. *United States v. Lanier*, 578 F.2d 1246 (8th Cir.), *cert. denied*, 439 U.S. 856, 99 S.Ct. 169, 58 L.Ed.2d 163 (1978). We have before us two consolidated appeals from the district court's denial of post judgment motions.

*No. 79–1206*

█ Lanier, proceeding pro se, filed a motion for reduction of sentence and for correction of sentence pursuant to Fed.R. Crim.P. 35. His motion for reduction of sentence was essentially a plea for leniency. We hold that the district court properly denied the motion because it lacked jurisdiction to reduce Lanier's sentence.

Fed.R.Crim.P. 35 provides that:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

Sentence in this case was imposed on May 27, 1977. This court affirmed Lanier's conviction on June 7, 1978, but stayed issuance of its mandate pending a ruling on Lanier's petition for a writ of certiorari by the Supreme Court. The Supreme Court denied the writ on October 2, 1978, and this court issued its mandate on October 12, 1978. Our mandate was received by the district court on October 13, 1978. Lanier's motion to reduce sentence was not filed until February 28, 1979, more than 120 days after imposition of sentence, after the Supreme Court's denial of Lanier's petition for a writ of certiorari, and after the district court received this court's mandate. Therefore, the district court properly denied it. *Kortness v. United States*, 514 F.2d 167, 168 n.1 (8th Cir. 1975) (and cases cited therein).

Lanier's motion also sought correction of his sentence as illegal. Under the provisions of Rule 35, such a motion may be made at any time, and we therefore consider the merits of Lanier's contention.

In order to understand these allegations, it is necessary to summarize the activities which gave rise to the multiple-count indictment. We quote from our earlier opinion as follows:

> The charges against the defendant [Lanier] resulted from his activities as a vendor of food stamps in the State of Missouri. The defendant and his partner, Richard Watkins, owned a corporation called Moneytown, Incorporated. Through a number of locations primarily in the St. Louis area Moneytown offered a variety of financial services to its customers and disbursed food stamps to eligible individuals. In October of 1975 an extensive shortage of funds was discovered with regard to the food stamp operation of Moneytown. A subsequent investigation indicated that certain monthly reports submitted by Moneytown had listed numerous bank deposits which had not in fact been made. The indictment involved in this appeal was later returned, charging that by submitting the reports the defendant had knowingly and willfully made a false statement in a matter within the jurisdiction of a federal agency.

*United States v. Lanier, supra*, 578 F.2d at 1248.

The monthly reports were referred to as FNS 250 forms. Lanier contends that his offense was one continuous offense, since the three FNS 250 forms he was convicted of filing as falsely made were interconnected. The interconnection arose from the fact that each document required an opening inventory and a closing inventory. Since the opening inventory was the closing inventory on the previous monthly FNS 250, and since the closing inventory would be the opening inventory on the following month's FNS 250, Lanier argues that the documents are inherently continuous and any criminal offense arising out of falsification of an uninterrupted series of FNS 250 forms could only be a single offense.

█ We reject Lanier's argument. Each month's FNS 250 form was supposed to reflect the amount of deposits made that month in the Federal Reserve Bank by the food stamp vendor. Each count involved a different amount of money allegedly deposited, a different period of time, a different document, and a separate signature executed by Lanier on the document misrepresenting the amount of the deposits. *United States v. Lanier, supra*, 578 F.2d at 1248–49. As such, each count involved a separate transaction punishable by law. *See United States v. Matanky*, 482 F.2d 1319, 1322 (9th Cir.), *cert. denied*, 414 U.S. 1039, 94 S.Ct. 539, 38 L.Ed.2d 329 (1973); *United States v. Bettenhausen*, 499 F.2d 1223, 1234 (10th Cir. 1974); *cf. Bins v. United States*, 331 F.2d 390 (5th Cir. 1964) [18 U.S.C. § 1010]. Therefore, the district court did not impose an illegal sentence when it sentenced Lanier to three consecutive four-year terms.

*No. 79–1323*

█ Lanier mailed three documents purporting to be civil actions and entitled "Request for the Production of Documents." Those documents named as defendants the United Missouri Bank of Ferguson, the State of Missouri Division of Family Services Food Stamp Insurance Program, and Brink's Inc., and sought copies of the defendants' business records related to their

dealings with Moneytown. Since the three documents sought only production of business records and did not set forth a claim against any of the three defendants and since Lanier had no pending claims against any of the three defendants, and no pending claim for post conviction relief, the district court filed them as part of the original criminal case. It denied the motions on the bases that Lanier failed to show entitlement to the documents and that their production would be extremely burdensome on the purported defendants.

We conclude that we lack jurisdiction of this appeal. The district court's order denying Lanier's motions was entered on February 22, 1979. Lanier filed a motion to reconsider on March 30, 1979. That motion was denied on April 3, 1979. Lanier did not file his notice of appeal until April 24, 1979, outside the ten day time limit established by Rule 4(b) of the Federal Rules of Appellate Procedure with respect to both orders.

The district court order denying the relief sought by Lanier in his Rule 35 motion is affirmed. The appeal in No. 79–1323 is dismissed for lack of jurisdiction.