**UNITED STATES of America, Appellee,**

v.

**David Russell RAPP, Appellant.**

**No. 80–2071.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1981.

Decided March 17, 1981.

Carl O. Flagstad, Kenner, Halvorson & Sturdevant, Minot, N. D., for appellant.

James R. Britton, U. S. Atty., James S. Hill, Asst. U. S. Atty., Bismarck, N. D., for appellee.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

David Russell Rapp was charged in a three-count indictment with forging and uttering a forged United States Treasury check in violation of 18 U.S.C. § 495 and with obstruction of correspondence in violation of 18 U.S.C. § 1702. He was convicted

by a jury on all three counts. On Count I (forgery), he was given a one-year sentence of imprisonment, but execution of the sentence was suspended and he was placed on probation for two years. On Count II (uttering), he was fined $250. On Count III (obstruction of correspondence), the trial court suspended imposition of sentence and placed Rapp on probation for two years, the conditions and terms of the probation to be concurrent with those of the probation imposed on Count I.

Rapp does not contest the validity of his conviction on Counts I and II. He challenges the validity of the conviction on Count III, arguing that the district court committed reversible error by (1) including in the jury instructions acts of misconduct that are contained in the charging statute but not in the indictment; (2) denying Rapp's requested instruction on his theory of the defense; and (3) denying Rapp's alternative motion for new trial or judgment of acquittal.

We need not reach the issues raised by Rapp in this appeal because we are satisfied that the concurrent sentence rule should be applied to this case. That doctrine provides that in certain circumstances, a reviewing court, in its discretion, may decline to pass on the validity of one count of an indictment when the sentence imposed for that count is concurrent with a sentence imposed for a valid conviction on another count of the same indictment. *See, e. g., Benton v. Maryland,* 395 U.S. 784, 787–793, 89 S.Ct. 2056, 2058–2061, 23 L.Ed.2d 707 (1969); *United States v. Holder,* 560 F.2d 953, 955 & n.3 (8th Cir. 1977); *Sanders v. United States,* 541 F.2d 190 (8th Cir. 1976), *cert. denied,* 429 U.S. 1066, 97 S.Ct. 796, 50 L.Ed.2d 784 (1977); *United States v. Belt,* 516 F.2d 873 (8th Cir. 1975), *cert. denied,* 423 U.S. 1056, 96 S.Ct. 790, 46 L.Ed.2d 646 (1976). We have consistently held that the concurrent sentence rule must be applied with caution, and "it ought not to be invoked where there is a likelihood that its application may expose a defendant to the risk of adverse consequences caused by an invalid but unreversed conviction." *United States v. Holder, supra,* 560 F.2d at 955; *see Sanders v. United States, supra,* 541 F.2d at 193–194.

In our view, a number of factors lead to the conclusion that this case falls within the narrow category of cases to which the concurrent sentence rule may properly be applied. First, this is a collateral attack on a conviction, not a direct appeal. *See Sanders v. United States, supra,* 541 F.2d at 193. Second, it is unlikely that any evidence admitted to prove Rapp guilty on Count III affected the finding of guilt on the other two counts. *See id.* at 194. Third, because Rapp was placed on probation and his sentences were suspended, it is apparent that the multiple convictions did not affect the sentencing judge's decision to grant probation. *See id.* Finally, since Rapp is not incarcerated, the plural convictions will not adversely affect such things as place or conditions of confinement or eligibility for parole. *See id.; United States v. Holder, supra,* 560 F.2d at 956.

Under these circumstances, the possibility that Rapp would suffer adverse collateral consequences from our failure to review his conviction is so remote that we are willing to apply the concurrent sentence rule. Accordingly, the judgment of the district court is affirmed.