UNITED STATES of America, Appellee,

v.

Glenn COLVIN, Appellant.

No. 80–1818.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1981.
Decided March 18, 1981.

**704**

Kohn, Shands, Elbert, Gianoulakis & Giljum, Miriam C. Rogers, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., Charles A. Shaw, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and STEPHENSON and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

Defendant appeals from the dismissal of his motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure. The district court held that it lacked jurisdiction to hear a Rule 35 motion that was filed within 120 days of an order of commitment on revocation of probation, but more than 120 days after the original imposition of sentence. We reverse.

On July 7, 1978, defendant Glenn Colvin pleaded guilty to Count I of an indictment for violating 18 U.S.C. §§ 1001 and 1002. On October 10, 1978, the district court sentenced Colvin to

> imprisonment for a period of FIVE (5) YEARS .... Execution of sentence of imprisonment imposed herein shall be and hereby is suspended and defendant placed on probation for FIVE (5) YEARS in accordance with the following special conditions of probation.

The conditions of probation required that Colvin be gainfully employed, that he not receive, possess, or transport any firearm, and that he submit to testing for drug use.

No appeal was filed, and Colvin began his probationary term.

On March 25, 1980, Colvin was arrested on a Probation Violator's Warrant for violating conditions of his probation by using illegal drugs. At a hearing on April 11, 1980, Colvin's probation was revoked, and he was sentenced "for a period of FIVE (5) YEARS as to and under the charge contained in Count 1 of the indictment."

On June 30, 1980, defendant filed a Motion for Reduction of Sentence under Fed. R.Crim.P. 35. The motion sought reduction of the sentence imposed on April 11, 1980, at the revocation hearing and was filed 80 days after that hearing. The motion was denied on August 21, 1980, on the basis that more than 120 days, the jurisdictional maximum provided by Rule 35, had passed since the original sentence was imposed in 1978.[1]

The crux of the case is whether the district court's action at the revocation hearing pursuant to 18 U.S.C. § 3653 amounted to an imposition of sentence for purposes of Rule 35. The resolution of this question necessarily requires an examination of the interplay between Rule 35 and 18 U.S.C. § 3653. The first sentence of Rule 35(b) gives the court authority to reduce a lawful sentence

> within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.

The statutory 120-day period within which a court may reduce a sentence is jurisdictional, and, once such a period has passed, a court is without power to reduce a valid sentence pursuant to the statute.

1. At the time of the probation revocation hearing on April 11, 1980, the district court apparently thought that a Rule 35 motion would lie. During that hearing it said:

> I want him some place where they've got a good efficient drug program and maybe they can help you. I sure hope they can and I'll say this to you—of course, I've only got 120 days to change the sentence, but through the Probation Office we can make recommendations to the Bureau of Prisons and let's see if you can't clean up your act, if that's the proper word, and get back on the street ....

Transcript of Probation Revocation Hearing, p. 10.

*United States v. Lanier*, 604 F.2d 1157 (8th Cir. 1979) (per curiam); *United States v. Regan*, 503 F.2d 234 (8th Cir. 1974) (per curiam), *cert. denied*, 420 U.S. 1006, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975). The court has no power to enlarge the 120-day period.

 A Rule 35 motion for reduction of sentence is "essentially a plea for leniency and presupposes a valid conviction." *Poole v. United States*, 250 F.2d 396, 401 (D.C.Cir. 1957). It is intended to give every convicted defendant a second round before the sentencing judge. It also gives "the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim." *United States v. Ellenbogen*, 390 F.2d 537, 543 (2d Cir.), *cert. denied*, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). The plea for leniency is addressed to the discretion of the sentencing court and may be granted if the court decides that the sentence originally imposed was, for any reason, unduly severe.

 The ability of the court to grant probation is regulated solely by statute. *Roberts v. United States*, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943). The same is true of the court's power to revoke probation. During a defendant's probationary period, the probation officer may at any time arrest the probationer if there is cause to believe that he has violated the conditions of his probation. After arrest, the following procedure is required:

> As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

18 U.S.C. § 3653. If the district court finds that the defendant's probation should be revoked, it then must choose from among the alternatives found in the statute. If a sentence had been previously imposed, but suspended, the court may impose that same sentence or any lesser one. *Roberts v. United States*, 320 U.S. 264, 271, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943). If no sentence had been imposed at the original hearing (defendant placed on probation with imposition of sentence suspended), then upon revocation of probation the court "may impose any sentence which might originally have been imposed." Under either situation (suspension of execution or suspension of imposition) the alternatives open to the court include the imposition of another term of probation. *United States v. Rodgers*, 588 F.2d 651 (8th Cir. 1978) (per curiam). With one exception not relevant here,[2] the sentencing alternatives available upon probation revocation are the same as those that were available upon initial sentencing. *Id.* at 654.

 The government argues that upon revocation of the probation of a defendant the execution of whose initial sentence had been suspended, the reinstatement of the original sentence, or the fixing of any lesser sentence, does not amount to the imposition of a sentence at all for Rule 35 purposes.

This argument is based on the distinction between suspension of imposition of sentence and suspension of execution of sentence. The Supreme Court has explained the distinction as follows:

> After judgment of guilt, the trial court is authorized 'to suspend the *imposition* or *execution* of sentence and to place the defendant upon probation....' (Italics supplied.) [The quotation is from § 1 of the Probation Act of 1925, as amended, codified at the time of *Roberts* as 18 U.S.C. § 724 (1940).] By this language Congress conferred upon the court a choice between imposing sentence before probation is awarded or after probation is revoked. In the first instance the defendant would be sentenced in open court

---

**2.** When the defendant initially received a sentence the execution of which was suspended, the sentence imposed on revocation of probation may not be greater than the originally announced sentence. *Roberts v. United States, supra*, 320 U.S. at 272-73, 64 S.Ct. at 117–118.

to imprisonment for a definite period; in the second, he would be informed in open court that the imposition of sentence was being postponed. In both instances he then would be informed of his release on probation upon conditions fixed by the court. The difference in the alternative methods is plain. Under the first, where execution of sentence is suspended, the defendant leaves the court with knowledge that a fixed sentence for a definite term of imprisonment hangs over him; under the second, he is made aware that no definite sentence has been imposed and that if his probation is revoked the court will at that time fix the term of his imprisonment.

*Roberts v. United States*, 320 U.S. 264, 267–68, 64 S.Ct. 113, 115, 88 L.Ed. 41 (1943). See also *United States v. Fultz*, 482 F.2d 1, 4 (8th Cir. 1973). Under the government's theory, when a judge exercises his sentencing discretion by imposing a suspended sentence before probation is granted the 120-day period for Rule 35 begins to run at sentencing or after affirmance on appeal, if any, and does not begin to run again when probation is revoked. If, on the other hand, imposition of sentence is suspended, the government agrees that a 120-day period begins to run when probation is revoked and a sentence is imposed. Support for the government's argument is found in *United States v. Kahane*, 527 F.2d 491 (2d Cir. 1975), the case relied upon by the court below.

In that case, Rabbi Kahane pleaded guilty to charges of conspiracy to violate the federal Firearms Act and was fined and sentenced to five years imprisonment. The execution of the sentence was suspended, and he was placed on five years probation. In 1975, Kahane admitted to violating the terms of his probation. Probation was revoked, and the term of imprisonment was reinstated. The sentence of imprisonment, however, was reduced to one year. Rabbi Kahane then moved for a further reduction

in the one-year sentence under Rule 35. The sentencing court denied the motion, and the Court of Appeals affirmed, on the ground that more than 120 days had elapsed since the original, i. e., 1971, sentence. The Second Circuit explained that the district court had already exercised its Rule 35 power to reduce sentence.

While recognizing that there is a valid distinction between suspension of imposition of sentence and suspension of execution of sentence, we do not think that the distinction controls the outcome of this case. The important consideration is whether a sentence is "imposed" at the revocation hearing. Rule 35 grants the district court jurisdiction over motions for reduction for 120 days after "sentence is imposed." There is nothing in the rule that explains in so many words what should be done about a sentence which is suspended and then "reimposed" or "reinstated" when probation is revoked.

The reinstatement of a previously suspended sentence after revocation of probation is not a rote procedure by the sentencing court. The court has available the same sentencing choices he had at the initial sentencing with the exception of the option of increasing the term of a sentence whose execution had previously been suspended. The suspended sentence is not automatically put into effect upon revocation of probation. The judge must once again evaluate the relevant sentencing factors and exercise discretion in deciding on an appropriate punishment. 18 U.S.C. § 3653 requires two distinct actions by the sentencing court: it must first revoke the probation; then it must sentence the defendant. The court has the choices of imposing the same suspended sentence, reducing that sentence,[3] or granting a new probationary period. Even if the choice is to reinstate a previously suspended sentence without alteration, a sentence is still being imposed in any practical sense of the words.

---

**3.** "The court may also reduce a sentence upon revocation of probation as provided by law." Fed.R.Crim.P. 35. This sentence was added to Rule 35 in 1966 to make it clear that the time limitation imposed by the rule upon a reduction in sentence does not apply to such reduction upon the revocation of probation as authorized by 18 U.S.C. § 3653.

To hold otherwise would place sentences imposed upon revocation of probation beyond reconsideration at a time when the need for reconsideration is at least as great as after the original sentencing, except in cases where it was the imposition of sentence that was suspended, and not its execution. That distinction seems to us irrelevant to the benign purposes of Rule 35. The opportunity for a sentencing judge, at some remove in time from the immediacy of the crime, to reflect upon and reconsider a sentence, is just as important in cases where execution of sentence has been suspended, as it is in cases where imposition of sentence has been suspended. In addition, there is little reason for a defendant who has been placed on probation, without, as in this case, *any* time to serve, to make a motion for reduction of sentence while he is still on probation, and even less for a district court to grant it. The situation may be different where, as in *Kahane*, the district court has already reduced the term at the time of revoking probation. We decline to extend *Kahane* beyond its own context.

 We readily concede that this result is not compelled by the bare words of Rule 35. The rule can be read to say that only the original exercise of discretion by the sentencing court is an imposition of sentence. On the other hand, it does not have to mean that, especially when construed *in pari materia* with 18 U.S.C. § 3653, which authorizes the district court after revoking probation to require the defendant to serve either the sentence originally imposed, or a lesser sentence, or even, in cases where imposition of sentence was suspended, a greater sentence. The sentencing court when revoking probation goes through the same kind of mental operation as when sentence was pronounced in the first place. Criminal enactments should usually be construed in favor of lenity. For recent examples of this "rule of lenity," see *Busic v. United States*, 446 U.S. 398, 406, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381 (1980); *Bell v. United States*, 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955). This principle, we think, should produce a liberal interpretation of remedial rules, just as it produces a strict interpretation of penal ones. The result of such an interpretation in the instant case will in no wise impede the deterrent effect of the criminal law. We do not hold that Colvin is entitled to have his sentence reduced, but only that the district court has the power to consider reducing it.

The judgment is reversed, and the cause remanded for consideration of Colvin's Rule 35 motion on its merits.[4]

---

4. This result is in accord with *United States v. Johnson*, 634 F.2d 94 (3d Cir. 1980).