**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Joseph LLINAS,
Defendant-Appellant.**

**No. 81–5291
Non-Argument Calender.**

United States Court of Appeals,
Eleventh Circuit.

March 15, 1982.

Neil M. Schuster, Miami Beach, Fla., for defendant-appellant.

Linda Collins Hertz, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

RONEY, Circuit Judge:

In this case we hold that the 120-day period for reduction of sentence under Rule 35 runs from the date of the original sentence or the events specified in Rule 35, and does not start over again when the original sentence is reduced pursuant to a prior motion.

Convicted of cocaine violations, Robert Joseph Llinas was sentenced on September 15, 1978. The convictions were affirmed on appeal. *United States v. Llinas,* 603 F.2d 506 (5th Cir. 1979). The mandate was filed in the district court on November 1, 1979. The Supreme Court denied certiorari on February 28, 1980. 444 U.S. 1079, 100 S.Ct. 1030, 62 L.Ed.2d 762 (1980).

Pursuant to Fed.R.Crim.P. 35, defendant timely moved for a reduction of sentence on December 20, 1979, within 120 days of receipt by the district court of the mandate of affirmance. The court granted the motion by order dated September 27, 1980, reduc-

ing the sentence from 40 to 28 months. On November 18, 1980 the court vacated the special parole term. *See Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980).

On December 30, 1980 defendant filed a second motion for reduction of sentence. The district court ruled the motion untimely. We affirm.

Rule 35 provides in pertinent part that the district court may reduce a sentence

   (a) within 120 days after the sentence is imposed, or

   (b) within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or

   (c) within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.

Since the only event that had not occurred more than 120 days before the filing of defendant's motion was the reduction in sentence, the question is whether the reduction of a sentence is included in the term "imposition of a sentence" in Rule 35. This question does not appear to have been addressed by either the former Fifth Circuit or the Eleventh Circuit.[1]

There is scant authority to assist in deciding the point. The Southern District of New York, when faced with this question, concluded that reduction of a sentence does not begin another period within which a court may again reduce the sentence. *United States v. Rannazzisi*, 443 F.Supp. 916 (S.D.N.Y.1978); *United States v. Hughes*, 36 F.R.D. 25 (S.D.N.Y.1964). Although conceding the lack of a square holding that a reduction of sentence is not equivalent to an imposition of sentence, the *Hughes* court found that "the terms, logic and policy of Rule 35 require that conclusion." 36 F.R.D. at 26.

In examining the purpose of Rule 35 in *United States v. Gonzales-Perez*, 629 F.2d

1081 (5th Cir. 1980), the Fifth Circuit deemed some limitation on jurisdiction necessary "to protect the district judges from repeated entreaties by a defendant to change his penalty." *Id.* at 1083. Rule 35 specifies time periods to establish "clear lines of demarcation so that all concerned would know exactly when the time for filing would expire." *United States v. Mehrtens*, 494 F.2d 1172, 1175 (5th Cir. 1974). In fact, Rule 45(b)(2) expressly provides that the court may not extend the time for taking any action under Rule 35, "except to the extent and the conditions stated in" the rule.

Second motions for reduction of sentence have been held not to relate back to or revitalize original timely motions. *United States v. Hetrick*, 627 F.2d 1007 (9th Cir. 1980); *United States v. Dansker*, 581 F.2d 69 (3d Cir. 1978); *United States v. U.S. District Court*, 509 F.2d 1352 (9th Cir. 1975).

We hold that a reduction of sentence is not equivalent to imposition of sentence for purposes of Rule 35 for the following reasons:

   First, Rule 35 prescribes strict limits on a court's jurisdiction to exercise discretion in sentencing.

   Second, reduction of sentence involves reconsideration of a sentence previously imposed for such reasons as may be asserted in the motion.

   Third, all the reasons for reduction should be asserted in the first motion.

   Fourth, a motion to reduce a previously reduced sentence is nothing more than an attempt to have the court reconsider the previous motion for reasons already asserted.

If it were otherwise, the object of the Rule to limit district courts' jurisdiction would be frustrated.

*United States v. Colvin*, 644 F.2d 703 (8th Cir. 1981), upon which defendant relies, is not applicable. There, defendant's motion for reduction of sentence was filed within 120 days of the order of commitment on

---

1. The Eleventh Circuit, in the *en banc* case of *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit.

revocation of probation but more than 120 days after the original imposition of sentence. The Eighth Circuit reasoned that revocation of probation required evaluation of the pertinent factors and exercise of judicial discretion in determining the appropriate punishment. Therefore, the court construing Rule 35 in conjunction with 18 U.S.C.A. § 3653, ruled there was jurisdiction to consider the motion. No revocation of probation is involved in this case.

Reduction of sentence is not equivalent to imposition of sentence for purposes of Rule 35. A motion for reduction of sentence filed within 120 days of a reduction of sentence, but more than 120 days after the imposition of sentence or other triggering events specifically set forth in Rule 35 is untimely, and beyond the jurisdiction of the court to grant.

AFFIRMED.