**UNITED STATES of America, Appellee,**

v.

**Eugene C. KIRK, Appellant.**

**No. 83–1068.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1983.

Decided Dec. 29, 1983.

Certiorari Denied April 2, 1984.
See 104 S.Ct. 1717.

---

Michael L. Lyons, St. Charles, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Charles A. Shaw, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, ROSS and JOHN R. GIBSON, Circuit Judges.

HEANEY, Circuit Judge.

Eugene C. Kirk, Sr., appeals from the district court's [1] denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. We affirm in part and reverse in part.

A jury convicted Kirk of one count of conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. § 846, four counts of distributing and possessing with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), twelve counts of using a telephone to facilitate this conspiracy in violation of 21 U.S.C. § 843(b), and one count of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. The district court sentenced Kirk to forty years imprisonment on the continuing criminal enterprise count and an aggregate of forty years imprisonment on the other counts, to run concurrently with the term imposed for the continuing criminal enterprise count. In addition, Kirk received a three-year special parole term on the conspiracy count and a

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

three-year special parole term for each of the four distribution and possession counts, totaling a combined special parole term of fifteen years.

Kirk instituted this section 2255 proceeding for post-conviction relief on the grounds that (1) his conviction and sentence violated his constitutional rights under the double jeopardy clause because sections 841(a)(1), 843(b), and 846 are lesser included offenses of section 848; (2) the failure of a government informant to testify denied him due process and prejudiced his defense because of possible exculpatory testimony the informant might have given; and (3) the trial court erred in refusing to suppress recorded conversations gathered through a court-authorized wiretap because the government's application for a wiretap did not name every person the government believed was committing the offense under investigation and whose communications were to be intercepted in violation of 18 U.S.C. § 2518(1)(b)(iv). Because this Court previously considered and rejected the latter two claims on Kirk's direct appeal, they are not cognizable in this section 2255 action. *Anderson v. United States,* 619 F.2d 772, 773 (8th Cir.1980); *Houser v. United States,* 508 F.2d 509, 514 (8th Cir.1974). The double jeopardy claim, however, merits some discussion.

The Supreme Court in *Jeffers v. United States,* 432 U.S. 137, 149–150, 97 S.Ct. 2207, 2215–2216, 53 L.Ed.2d 168 (1977), indicated that conspiracy is a lesser included offense of engaging in a continuing criminal enterprise. We so held in *United States v. Samuelson,* 697 F.2d 255, 260 (8th Cir.1983). *See United States v. Valenzuela,* 596 F.2d 1361, 1364 (9th Cir.), *cert. denied,* 444 U.S. 865, 100 S.Ct. 136, 62 L.Ed.2d 88 (1979); *United States v. Michel,* 588 F.2d 986, 1000–1001 (5th Cir.), *cert. denied,* 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979). The double jeopardy clause protects against multiple punishments for greater and lesser included offenses. *Brown v. Ohio,* 432 U.S. 161, 168–169, 97 S.Ct. 2221, 2226–2227, 53 L.Ed.2d 187 (1977). Kirk's sentence for conspiracy runs concurrent to his forty-year sentence for continuing criminal enterprise. The only additional punishment he has received due to the conspiracy conviction is the three-year special parole term. Because it is clear that conspiracy is a lesser included offense of continuing criminal enterprise, and because the government conceded at oral argument that Kirk's conspiracy conviction should be vacated, we vacate Kirk's conviction and sentence, including the three-year special parole term, for conspiracy.

Whether Kirk may be cumulatively sentenced for the predicate substantive offenses and his continuing criminal enterprise violation is a more difficult question. *Compare United States v. Jefferson,* 714 F.2d 689, 703 (7th Cir.1983) (Congress did not intend that cumulative sentences be imposed upon the predicate substantive offenses of a continuing criminal enterprise conviction.); *United States v. Middleton,* 673 F.2d 31, 33 (1st Cir.1982) (A substantive offense actually relied upon to establish a continuing series of violations is a lesser included offense of engaging in a continuing criminal enterprise.) *with Iannelli v. United States,* 420 U.S. 770, 777–778, 95 S.Ct. 1284, 1289–1290, 43 L.Ed.2d 616 (1975) (Conspiracy to do an act and the completed substantive offense are separate crimes for which separate sentences can be imposed.); *United States v. Hawkins,* 658 F.2d 279, 287 (5th Cir.1981); *United States v. Rone,* 598 F.2d 564, 571 (9th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980) (Congress clearly intended to permit cumulative punishments for a RICO offense and its underlying predicate crimes).

We see no need, however, to reach this issue here because, as a practical matter, a decision on this question will not affect Kirk's term of punishment. *See United States v. Samuelson, supra,* 697 F.2d at 259. In certain circumstances, a reviewing court may decline to pass on the validity of one count of an indictment when the sentence imposed for that count is concurrent with a sentence imposed for a valid conviction on another count of the same indictment. *See, e.g., Benton v. Maryland,*

395 U.S. 784, 787–793, 89 S.Ct. 2056, 2058, 2061–2062, 23 L.Ed.2d 707 (1969); *United States v. Rapp,* 642 F.2d 1120, 1121 (8th Cir.1981); *United States v. Holder,* 560 F.2d 953, 955 & n. 3 (8th Cir.1977). The decision to invoke the concurrent sentence rule is a matter of judicial discretion, but it must be applied with extreme caution and "ought not to be invoked where there is a likelihood that its application may expose a defendant to a risk of adverse consequences caused by an invalid but unreversed conviction." *United States v. Holder, supra,* 560 F.2d at 955; *see Sanders v. United States,* 541 F.2d 190, 193 (8th Cir.1976). In assessing the risk of adverse consequences, a court should consider whether the conviction is attacked collaterally or on direct appeal, whether the evidence admitted to prove the challenged count affected the finding of guilt on the other counts, whether the challenged count affected the length of the sentence or decision to grant probation, and whether the plural but concurrent sentences are likely to adversely affect the place or conditions of the defendant's confinement. *See United States v. Rapp, supra,* 642 F.2d at 1121; *United States v. Holder, supra,* 560 F.2d at 955–956; *Sanders v. United States, supra,* 541 F.2d at 193–194.

■ This case falls within the narrow category of cases to which the concurrent sentence rule may properly be applied. Kirk is collaterally attacking his conviction after losing his direct appeal. Furthermore, any evidence admitted to prove the possession and distribution counts would have been relevant to proving the continuing criminal enterprise. Thus, no prejudicial spillover effect resulted from introducing proof on the substantive counts. Moreover, Kirk's forty-year sentence for engaging in a continuing criminal enterprise is not subject to suspension, probation, or parole. 21 U.S.C. § 848(c). His substantive convictions therefore will not lengthen the time he will spend in prison. The special parole terms attached to four of the substantive counts do not pose any threat of prejudice. Although the concurrent sentence rule does not ordinarily apply when the challenged conviction carries a special parole term, *see United States v. Garcia,* 655 F.2d 59, 63 & n. 4 (5th Cir.1981), Kirk's term of imprisonment will not expire until he is nearly ninety years old. The age of the defendant should not usually enter into an assessment of prejudice. In this extremely narrow circumstance, however, where in all probability the imposition of the special parole terms will not affect Kirk, we hold that the concurrent sentence rule may properly be applied.

In conclusion, we do not reach two of the issues Kirk raises because we decided them adversely to him on direct appeal. Because the law is clear, we vacate Kirk's conviction and sentence for conspiracy. We defer a decision on whether a defendant may be cumulatively sentenced for engaging in a continuing criminal enterprise and substantive offenses used to prove the continuing enterprise until we are faced with a case in which the defendant will suffer actual prejudice.