**UNITED STATES of America, Appellee,**

v.

**Eugene C. KIRK, Sr., Appellant.**

**No. 84–2276.**

United States Court of Appeals, Eighth Circuit.

Submitted March 28, 1985.

Decided May 3, 1985.

Eugene C. Kirk, Sr., pro se.

Charles A. Shaw, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

This is an appeal by defendant Eugene C. Kirk, Sr. from a denial of a motion for reduction of sentence filed pursuant to Fed.R.Crim.P. 35. The district court questioned its jurisdiction but concluded "Defendant's motion would be denied in any event." We too question jurisdiction, and order dismissal.

Defendant Kirk was tried and convicted of distributing heroin, conspiracy to distrib-

ute heroin, and engaging in a continuing criminal enterprise. He was sentenced to forty years on the continuing criminal enterprise count and forty years with a special parole term on all the other offenses, the sentences to run concurrently.[1] His conviction was affirmed by this court and the Supreme Court denied certiorari. *United States v. Kirk,* 534 F.2d 1262 (8th Cir.1976), *cert. denied,* 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed.2d 1091 (1977).

A petition brought under 28 U.S.C. § 2255 was subsequently denied by the district court and this court affirmed in large part but vacated Kirk's conviction and sentence as to conspiracy. *See United States v. Kirk,* 723 F.2d 1379 (8th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1717, 80 L.Ed.2d 189 (1984).

Because the Count I conspiracy charge was to run concurrently with the terms imposed under Counts 9–22, the net effect was no change in Kirk's sentence other than the elimination of the concurrent sentence under Count I and the three-year special parole term.[2]

Following the Supreme Court's denial of certiorari in the § 2255 action on April 2, 1984, Kirk filed the Rule 35 motion Monday, July 30, 1984.

Fed.R.Crim.P. 35 allows a district court to reduce sentence "... within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction."[3] *Citing United States v. Colvin,* 644 F.2d 703, 704–05 (8th Cir.1981) and *United States v. Peterson,* 432 F.2d 545, 546 (8th Cir.1970), the government argues this one hundred twenty day period ran from the denial of certiorari from the initial appeal in 1977 and not from the denial of certiorari in the § 2255 action on April 2, 1984.

■ The original sentence was imposed in 1975, and this court's action in 1983 striking part of the sentence did just that and imposed no new sentence. While the language of Rule 35 can be read as lending support to appellant's position, we hold that the one hundred twenty day period ran from the original 1975 sentence or Supreme Court's denial of certiorari in 1977 and not from any subsequent event. *See United States v. Henry,* 709 F.2d 298 (5th Cir. 1983); *United States v. Rice,* 671 F.2d 455 (11th Cir.1982). This court has held that the one hundred twenty day period under Rule 35 runs from revocation of probation of a defendant, the execution of whose initial sentence had been suspended. *Unit-*

---

**1.** Specifically, Kirk was found guilty of violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 843(b), 846, 848 and 18 U.S.C. § 2 as charged in counts 1, 2, 3, 4, 5, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21 and 22 of the indictment. By district court order of May 16, 1975 he was sentenced to:

> EIGHT (8) YEARS followed by a special parole term of three (3) years as provided by T. 21, U.S.C., Sec. 841(b)(1)(A) as to and under each of counts 1, 2, 3, 4, and 5 of the indictment; TWO (2) YEARS as to and under each of counts 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20 and 21 of the indictment; and FORTY (40) YEARS as to and under count 22 of the indictment; term of imprisonment imposed under count 2 to run consecutively to term of imprisonment imposed under count 1; term of imprisonment under count 3 to run consecutively to terms of imprisonment imposed under counts 1 and 2; term of imprisonment imposed under count 4 to run consecutively to terms of imprisonment imposed under counts 1, 2, and 3; term of imprisonment imposed under count 5 to run consecutively to term of imprisonment imposed under

counts 1, 2, 3 and 4; terms of imprisonment under each of counts 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20 and 21 to run concurrent with terms of imprisonment imposed under counts 1, 2, 3, 4 and Term of imprisonment imposed under count 22 to run concurrent with terms of imprisonment imposed under counts 1, 2, 3, 4 and 5, making an aggregate term of imprisonment of FORTY (40) YEARS, with an aggregate special parole term of FIFTEEN (15) YEARS.

> Defendant is to receive credit for time already spent in custody.

**2.** According to this court's 1983 opinion, the three-year special parole term was the only additional punishment Kirk had received due to the conspiracy conviction.

**3.** The time limit has been construed to mean not that the district court must rule within 120 days but rather that the motion must be filed within 120 days. *United States v. DeMier,* 671 F.2d 1200, 1205 (8th Cir.1982); *United States v. Williams,* 573 F.2d 527, 529 (8th Cir.1978).

ed States v. Colvin, 644 F.2d 703, 704–05 (8th Cir.1981). *Cf. United States v. Kahane*, 527 F.2d 491 (2d Cir.1975) (holding that revocation of probation following suspension of execution of sentence did not trigger a new Rule 35 period). The rationale of *Colvin* included this court's reasoning that revocation was a two-step process involving imposition of a sentence after revocation of the probation theretofore in existence, and thus was within the jurisdiction conferred by Rule 35.

*Citing Colvin*, the Eleventh Circuit has held that reduction of sentence on a Rule 35 motion does not amount to imposition of sentence for purposes of Rule 35 and has refused to consider a second Rule 35 motion filed within one hundred twenty days of action on the earlier one. *United States v. Llinas*, 670 F.2d 993 (11th Cir.1983). *See also United States v. Ferri*, 686 F.2d 147, 154 (3d Cir.1982).

As indicated, our affirmance in the § 2255 proceeding involved no imposition of sentence within the meaning of Rule 35, nor did it involve an appeal from an imposition of sentence. Thus, in the circumstances of this case, we hold that neither our action nor that of the Supreme Court in denying certiorari triggered a new Rule 35 jurisdictional period.

Our review of sentences that are within the statutory boundaries is limited to determining if there has been a gross abuse of discretion by the district court in sentencing. *See Dorszynski v. United States*, 418 U.S. 424, 431, 94 S.Ct. 3042, 3047, 41 L.Ed.2d 855 (1974); *United States v. Tucker*, 404 U.S. 443, 446–47, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *United States v. Conley*, 523 F.2d 650, 656 (8th Cir.1975), *cert. denied*, 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327 (1976); *United States v. Eddy*, 677 F.2d 656 (8th Cir.1982); *Orner v. United States*, 578 F.2d 1276, 1280 (8th Cir. 1978); *Woolsey v. United States*, 478 F.2d 139, 141 (8th Cir.1973). Appellant urges that his sentence, although within statutory limits, is unduly severe compared to the sentences of others similarly situated. We observe that variation in sentences, standing alone, is generally insufficient to show abuse of discretion. *See United States v. Collins*, 690 F.2d 670, 674 (8th Cir.1982). However, it appearing that neither the district court, nor we on appeal, can entertain appellant's untimely Rule 35 motion, we eschew full consideration of the merits and remand with direction to dismiss for want of jurisdiction.