**UNITED STATES of America, Appellee,**

**v.**

**James L. GRUBBS, Appellant.**

**No. 86–2387.**

United States Court of Appeals, Eighth Circuit.

Submitted July 29, 1987.

Decided Sept. 16, 1987.

Rehearing Denied Nov. 5, 1987.

---

Henry Thomas, St. Louis, Mo., for appellant.

Debra E. Herzog, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

James L. Grubbs appeals his convictions for one count of conspiring to distribute a controlled substance (dilaudid), one count of engaging in a continuing criminal enterprise (CCE) involving controlled substances, and two counts of using communications facilities to facilitate controlled substance transactions. *See* 21 U.S.C. §§ 841(a)(1), 846, 848, 843(b). For reversal Grubbs argues: (1) his sentences for conspiracy to distribute a controlled substance as well as for engaging in a CCE violate the double jeopardy clause of the fifth amendment; (2) there is insufficient evidence to convict him of engaging in a CCE; and (3) the district court should have dismissed the indictment for noncompliance with the Speedy Trial Act. We vacate Grubbs' conspiracy conviction and sentence and affirm in all other respects.

## I. DOUBLE JEOPARDY

Conspiracy under 21 U.S.C. § 846 is a lesser included offense of engaging in a CCE under 21 U.S.C. § 848. *United States v. Samuelson*, 697 F.2d 255, 259–60 (8th Cir.1983), *cert. denied*, 465 U.S. 1038, 104 S.Ct. 1314, 79 L.Ed.2d 711 (1984) (citing *Jeffers v. United States*, 432 U.S. 137, 149–50, 97 S.Ct. 2207, 2215–16, 53 L.Ed.2d 168 (1977)). Multiple punishment for greater and lesser included offenses violates the double jeopardy clause. *United States v. Kirk*, 723 F.2d 1379, 1381 (8th Cir.1983), *cert. denied*, 466 U.S. 930, 104 S.Ct. 1717, 80 L.Ed.2d 189 (1984) (citing *Brown v. Ohio*, 432 U.S. 161, 168–69, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187 (1977)). Although Grubbs received concurrent sentences on his conspiracy and CCE convictions, he received multiple punishment as a consequence of the fifty dollar mandatory special assessment fee imposed for each count. *See Ray v. United States*, — U.S. —, 107 S.Ct. 2093, 2093, 95 L.Ed.2d 693 (1987) (per curiam) (mandatory special assessment fee on multiple convictions renders concurrent sentence doctrine inapplicable). Accordingly, Grubbs' conviction and sentence for the lesser included offense of conspiracy must be vacated. *Kirk*, 723 F.2d at 1381.

## II. SUFFICIENCY OF EVIDENCE

There is sufficient evidence to sustain Grubbs' CCE conviction if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt when viewing the evidence in the light most favorable to the government. *United States v. Jones*, 801 F.2d 304, 307 (8th Cir.1986) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). The CCE statute "comprises five essential elements: 1) a felony violation of the federal narcotics laws; 2) as part of a continuing series of violations; 3) in concert with five or more persons; 4) for whom the defendant is an organizer or supervisor; 5) from which he derives substantial income or resources." *Id.*

Grubbs challenges the government's proof on only the fourth element, claiming he was neither an organizer nor a supervisor. Testimony at trial, however, shows Grubbs, in concert with at least five others, arranged the method for acquiring dilaudid, the means of delivery, and the price and credit terms. The evidence thus rebuts Grubbs' claim he sold dilaudid only in isolated, separate transactions. Grubbs

"occupied a sufficiently central role to be regarded as holding 'a position of organizer, a supervisory position[,] or any other position of management.'" *United States v. Lewis,* 759 F.2d 1316, 1331 (8th Cir.), *cert. denied,* 474 U.S. 994, 106 S.Ct. 406, 407, 88 L.Ed.2d 357 (1985) (quoting section 848(b)(2)(A)). Although Grubbs did not have an identical relationship with each of the other five people in the enterprise, section 848 does not require such proof. *See Jones,* 801 F.2d at 308. We conclude the evidence is sufficient to support Grubbs' CCE conviction.

### III. SPEEDY TRIAL

■ On appeal Grubbs asserts he made a motion to dismiss the charges against him because of the government's failure to bring him to trial within the Speedy Trial Act's seventy-day limit. *See* 18 U.S.C. § 3161(c)(1). Neither the district court docket nor the trial transcript, however, contains any record of Grubbs' motion, and the failure to raise the Speedy Trial Act claim in the district court waives its consideration on appeal. *United States v. Ferguson,* 776 F.2d 217, 222 (8th Cir.1985) (citing *United States v. Little,* 567 F.2d 346, 349 (8th Cir.1977), *cert. denied,* 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1978)), *cert. denied,* —— U.S. ——, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986).

### IV. CONCLUSION

Because Grubbs' sentences for both CCE and conspiracy violate the double jeopardy clause, we vacate his conspiracy conviction and sentence. Grubbs' convictions on the remaining three counts are affirmed.