**UNITED STATES of America, Appellee,**

v.

**Clifford Ashley HOLM, Appellant.**

No. 88–5171.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1989.

Decided June 9, 1989.

Scott Tilsen, Minneapolis, Minn., for appellant.

Thorwald Anderson, Minneapolis, Minn., for appellee.

Before McMILLIAN, ARNOLD, and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Clifford Ashley Holm appeals from a final order entered in the District Court [1] for the District of Minnesota denying his motion for correction of his sentence pursuant to Rule 35(a) of the Federal Rules of Crimi-

---

1. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

nal Procedure. For the reasons discussed below, we affirm the district court's order.

After Holm was charged with a violation of 21 U.S.C. § 841(a)(1), he and the government reached a plea agreement that, if accepted by the court, would limit the prison sentence to eighteen months plus a special parole term. *See* Fed.R.Crim.P. 11(e)(1)(C). The district court accepted the plea and in February 1985 entered judgment thereon. The court sentenced Holm to two years imprisonment, suspended execution of the sentence, and placed him on probation. On November 23, 1987, Holm appeared before the district court for a probation violation hearing. Upon finding that Holm had violated the conditions of his probation, the court revoked the probation and ordered Holm to serve a sentence of two years imprisonment followed by a two-year special parole term.

On March 24, 1988, Holm filed this Rule 35(a) motion seeking correction of his prison sentence from two years to eighteen months on the ground that the two-year sentence was illegal because it violated the plea agreement. The district court denied the motion, and this appeal followed.

Former Rule 35(a), which applies to offenses committed prior to November 1, 1987, provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." The relevant portion of Rule 35(b) limits the time for reduction of sentence to "120 days after the sentence is imposed or probation is revoked." This limitation period is jurisdictional. *United States v. Colvin*, 644 F.2d 703, 704–05 (8th Cir.1981).

Holm filed his Rule 35 motion 122 days after his probation was revoked. Thus, he argues on appeal that a sentence imposed in violation of a plea agreement is an illegal sentence which is correctable at any time, rather than a sentence imposed in an illegal manner which is subject to the 120–day time limit. Assuming, without deciding, that this argument is correct, we do not believe that the plea agreement was violated in the present case.

Here, the agreement limited the sentence to eighteen months imprisonment. The sentence imposed was two years suspended, that is, no imprisonment whatever, except in the event of a later violation by Holm. He got a much better deal from the district court than the plea agreement would have permitted. It was only his own later conduct that caused the suspension of the execution of the original sentence to be revoked, thus resulting in two years imprisonment. If there was a deviation from the plea agreement in the sentence originally imposed, it was in Holm's favor. No time to serve is better than eighteen months.

Accordingly, we affirm.