96 F.3d 1451
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth John HOLTHAUS, Defendant-Appellant.
 No. 94-50587.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided Aug. 29, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth John Holthaus, a federal prisoner, appeals the district court's denial of his second Fed.R.Crim.P. 35(b) motion. Because we conclude that the district court lacked jurisdiction to consider this motion, we remand with instructions to dismiss for lack of jurisdiction.
 
 
 3
 On May 26, 1992, the district court revoked Holthaus's probation and ordered execution of his suspended sentence. In 1992, the district court denied Holthaus's first Rule 35 motion. After this court affirmed the district court's denial of Holthaus's first Rule 35 motion, United States v. Holthaus, No. 92-50645 (9th Cir. Sept. 16, 1993), Holthaus petitioned for certiorari. On April 4, 1994, the Supreme Court entered its order denying certiorari. On August 2, 1994, the district court received Holthaus's second Rule 35 motion.
 
 
 4
 Rule 35 permits the filing of a motion "within 120 days after the sentence is imposed or probation is revoked ... or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation." Former Fed.R.Crim.P. 35(b).
 
 
 5
 We read former Rule 35 as permitting the filing of a motion within 120 days after the Supreme Court denies certiorari on direct review of an order revoking probation. Cf. United States v. Kirk, 761 F.2d 463, 464 (8th Cir.1985) (when Supreme Court later denied certiorari on section 2255 motion, another 120-day period was not triggered under Rule 35). Consequently, we conclude that Holthaus's second Rule 35 motion was untimely.
 
 
 6
 VACATED and REMANDED with instructions to dismiss for lack of jurisdiction.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3