**UNITED STATES of America,**

v.

**William RODRIGUEZ, Defendant.**

**No. 77 Cr. 51 (IBC).**

United States District Court, S. D. New York.

Jan. 30, 1978.

*Skehan v. Board of Trustees of Bloomsburg State College,* 501 F.2d 31 (3rd Cir. 1974).

7. *Supra,* Note 1.

**164**

William Rodriguez, pro se.

Robert B. Fiske, Jr., U. S. Atty., Nathaniel H. Akerman, Asst. U. S. Atty., New York, N. Y., of counsel, for the Government.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

The defendant has timely moved for reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure. Defendant was convicted on his plea of guilty entered April 5, 1977 to two counts of possession of stolen mail and one count of uttering a forged endorsement on a United States Treasury check. On May 19, 1977 he was sentenced to four years on each count, sentences to run concurrently. Among the claims defendant advances in his motion to reduce are (1) that he was denied right to counsel during questioning by United States postal inspectors and (2) that he was denied any and all medication for his drug addiction malady before and during the aforesaid questioning.

At the time the indictment was filed on January 27, 1977 competent and able counsel was assigned. From then until he was sentenced on May 19, 1977 defendant was continuously represented by his counsel. This included the time when defendant entered his plea of guilty. Though at that time we told defendant that by his plea of guilty he waived any and all defenses he might have to the offenses alleged and that he would lose his right to appeal, defendant nonetheless entered his plea of guilty. He convinced us that he understood what he was doing. Further, his counsel acknowledged that defendant had been fully informed of the consequences of foregoing a trial and putting his case before a jury (Official Minutes, April 5, 1977 at pp. 9–19, 29, 37–38). We accepted defendant's plea of guilty since it impressed us as being knowing and voluntary; we directed that the plea be entered.

It is well-established law that by a plea of guilty a defendant waives all objections to non-jurisdictional defects. *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Doyle,* 348 F.2d 715 (2d Cir. 1965), *cert. denied,* 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965); *Bloombaum v. United States,* 211 F.2d 944 (4th Cir. 1954). Errors such as defendant claims here—unlawfully obtained evidence or an allegedly coerced confession—cannot be challenged once he has pleaded guilty. *Simmons v. United States,* 354 F.Supp. 1383 (N.D.N.Y.1973), *order aff'd,* 491 F.2d 758 (2d Cir. 1974).

The other points defendant presents in his motion to reduce were given full consideration by this court when sentence was originally imposed. We are well aware of the hardships defendant claims his incarceration has imposed upon his wife and children. Indeed, they probably exceed defendant's present privations. We certainly are not unmindful of the harm to family that his criminal deportment produced, but these are factors defendant should have weighed before he chose to commit the acts he did.

For the reasons discussed above, defendant's motion to reduce is denied in its entirety.

SO ORDERED.