**UNITED STATES of America,**

v.

**Heriberto LOPEZ, Defendant.**

**No. 83 Cr. 559 (SWK).**

United States District Court,
S.D. New York.

Aug. 23, 1984.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Aaron R. Marcu, Asst. U.S.Atty., New York City, for United States.

David Seth Michaels, New York City, for defendant.

### MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Court: "Do you understand that the maximum penalty under Count 1 is 15 years and a $25,000 fine plus a special parole?"

Lopez: "Yes"

Court: "And do you understand that the maximum under the second count is the same?"

Lopez: "Yes"

\*    \*    \*    \*    \*    \*

Court: "[That] indicates a total of 30 years, $50,000 in fines and 6 years special parole."

Court: "Do you understand that ... you might, on the basis of your guilty plea, receive up to the maximum sentence that I described to you earlier?"

Lopez: "Yes"

The above-captioned case is now before the Court upon defendant's motion for a reduction in the sentence imposed, pursuant to Fed.R.Crim.P. 35, on the grounds that that sentence was constitutionally impermissible. For the reasons stated below, the motion is DENIED.

Lopez pleaded guilty to two counts of a three count indictment. On the first count, Lopez admitted conspiring with others to distribute, and possess with intent to distribute, heroin. 21 U.S.C. §§ 812, 841(a)(1), and (b)(1)(A). On the second count, Lopez admitted to selling an undercover agent five glassine envelopes of heroin for $50. Lopez allegedly sold an additional five glassine envelopes of heroin to a second undercover agent for $50.[1] The two undercover agents, testifying at the trial of a co-defendant, testified that, in addition to those two sales, they witnessed Lopez selling heroin to several other purchasers.

Lopez had been arrested several times prior to his arrest on the instant offenses. In spite of several arrests for sale or possession of narcotics and drug paraphernalia, and one arrest for burglary and criminal mischief, Lopez never served a sentence.

Lopez admitted to being a heroin user, and to having a $100 a day habit. At the time of his arrest Lopez was unemployed. Apparently, Lopez was sustaining his habit through his activities as a drug peddler.

In light of all the foregoing factors, as well as this Court's belief regarding the severity of the crime of distribution of heroin, this Court eschewed applying the Youth Corrections Act, 18 U.S.C. § 5010(b), (c), and sentenced Lopez on the two counts to consecutive five year periods of incarceration followed by the statutorily mandated minimum three-year period of special parole on Count Two.

Lopez challenges that sentence here claiming that its imposition constitutes cruel and unusual punishment in violation of the Eighth Amendment, because it is disproportionate to the crime. This Court does not agree. The instant case is squarely governed by the recent decision of the Second Circuit in *United States v. Ortiz*, 742 F.2d 712 (1984).

In *Ortiz*, the appellant made the exact same arguments[2] Lopez makes here. Ortiz had been sentenced to a ten year term of incarceration followed by a ten year period of special parole on his guilty plea to one count involving the sale of $60 worth of heroin. The Second Circuit analyzed Ortiz' Eighth Amendment arguments under the guidelines established in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and found them to be without merit. This Court believes that *Ortiz* controls here and that Lopez' claims are, therefore, equally without merit.

Like Ortiz, Lopez was sentenced to ten years in prison (the two five year sentences to run consecutively); however, Lopez' sentence was twenty years less than the statutory maximum, 21 U.S.C. § 841(b)(1)(A), while Ortiz' was only five years less, *Ortiz*, at 742 F.2d at 715. Like Ortiz, Lopez is statutorily eligible for parole after serving one-third of that sentence. 18 U.S.C. § 4205(a); 28 C.F.R. § 2.2(a). Moreover, Lopez can reasonably expect to be paroled at that time in light of the applicable parole release guidelines.[3] *See Ortiz*, slip op. at 5959, 742 F.2d at 715; *see also Lieberman v. Gunnell*, 726 F.2d 75, 77 (2d Cir.1984). Thus, like the sentence imposed om Ortiz,

---

**1.** Lopez was indicted for the second sale, but the charge was dropped as part of his guilty plea.

**2.** Indeed the Court is informed that parts of Lopez' brief track Ortiz' brief on appeal word-for-word, including a miscitation to *Terrebonne v. Blackburn*, 624 F.2d 1363 (5th Cir.1980), va-

*cated*, 646 F.2d 997 (5th Cir.) (en banc), *cert. denied*, 450 U.S. 917 (1981).

**3.** The Parole release guidelines call for Lopez' release after serving between fourteen and eighteen months.

the sentence imposed on Lopez, in light of his reasonable parole expectations, is not unconstitutionally severe compared to the gravity of his offense.

The Second Circuit's evaluation of the remaining two criteria from *Solem*—proportionality vis-a-vis the sentences imposed on other criminals in this district and proportionality vis-a-vis sentences imposed for the same crime in other jurisdictions—is dispositive of those arguments here.

■ In sum, the Court finds that Lopez' sentence is not so disproportionately severe that it violates the Eighth Amendment.

■ Lopez argues in the alternative that his sentence should be reduced in this Court's discretion because he has availed himself of all the rehabilitative programs accessible to him in prison. At the time of sentencing, this Court intended that Lopez would use his time to rehabilitate himself and to eliminate his dependency upon narcotics. While the Court is gladdened to learn that Lopez has taken its intentions to heart, it does not consider such behavior a new circumstance for its consideration. In sum, the defendant has not stated any new grounds or changes in circumstances which warrant the reduction of his sentence. *See United States v. Serrano*, No. 83–493, slip op. at 2, (S.D.N.Y. March 27, 1984); *United States v. Sicenavage*, 496 F.Supp. 121, 125 (E.D.Pa.1980).

Defendant's motion for a reduction of sentence is hereby DENIED.

SO ORDERED.