**UNITED STATES of America**

v.

**Thomas M. HILL.**

**Crim. No. 84–092–S.**

United States District Court,
D. Rhode Island.

June 20, 1985.

Robert M. Krause, Asst. U.S. Atty., Lincoln C. Almond, U.S. Atty., Providence, R.I., for plaintiff.

Toro Law Associates, Eugene F. Toro, Providence, R.I., for defendant.

### Memorandum and Order

SELYA, District Judge.

This matter is before the court on the defendant's motion to reduce his sentence. Fed.R.Crim.P. 35(b). The government has objected.

To recapitulate briefly, Hill was indicted by a grand jury in this district for violation of 18 U.S.C. § 656. He pled guilty on January 16, 1985. On February 20, 1985, the court imposed an 18 month jail sentence. Hill has been serving that sentence since March 18 (the court having granted the privilege of voluntary surrender).

The function of Rule 35(b) is simply to allow the district court to decide if, on further reflection, the sentence was draconian. *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir.1973). The rule is intended to cede to a convicted felon a second bite at the apple before the sentencing judge. *United States v. Colvin*, 644 F.2d 703, 705 (8th Cir.1981). It also gives "the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case

which may have been presented... in the interim." *Id.*, quoting *United States v. Ellenbogen*, 390 F.2d 537, 543 (2d Cir.), cert. denied, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). At bottom, such a motion is a plea for post hoc leniency addressed to the sound and informed discretion of the sentencing judge. *United States v. Hooton*, 693 F.2d 857, 859 (9th Cir.1982) (per curiam); *United States v. Eddy*, 677 F.2d 656, 657 (8th Cir.1982); *Colvin*, 644 F.2d at 705.

■ In this case, the movant importunes the court to shrink his sentence because of (i) Hill's cooperation "in a large and extensive investigation ... of a complicated scheme to defraud banks in Connecticut," and (ii) "expensive and severe financial hardship which has befallen his wife and children." Although Hill's points are eloquently voiced by seasoned counsel, they miss the mark.

The defendant's cooperation was clearly anticipated and taken into account at the time of his original sentencing. Such an anticipation was mentioned in the presentence report, and alluded to in open court on February 20. At a side-bar conference during the sentencing hearing, counsel for the government made it crystal clear that such cooperation was to count for Hill's benefit in respect to (other) potential charges against him in Connecticut, and would not earn him any credit vis-a-vis this sentence.[1] Defense counsel did not demur in any way. And, the plea agreement between the government and the defendant bears that understanding out. *See, e.g.*, letter of January 17, 1985 from Assistant U.S. Attorney Krause to Attorney Toro. Hill's attempt at this time to characterize his self-interested cooperation as a ground for mitigation of the instant sentence is disingenuous. Unlike a supermarket sale,

he should not garner "double coupons" for performing in the very way he led the court to believe he would perform.

The family hardship prong of the motion is equally captious. The district courts have consistently declined to let such lamentations interfere with the execution of a fair and just prison sentence. *E.g., United States v. Wiese*, 539 F.Supp. 1208, 1209 (W.D.N.Y.1982); *United States v. Rodriguez*, 444 F.Supp. 163, 164 (S.D.N.Y.1978). As Judge Cooper aptly noted:

> We are well aware of the hardships defendant claims his incarceration has imposed upon his wife and children. Indeed, they probably exceed defendant's present privations. We certainly are not unmindful of the harm to family that his criminal department produced, but these are factors defendant should have weighed before he chose to commit the act he did.

*Rodriguez*, 444 F.Supp. at 164.

The court expressed its concern for Hill's family at the time of sentencing, and renews that sentiment today. But, in the final analysis, it is the convicted defendant—not society or the criminal justice system—who bears the onus for such regrettable dislocations.

The court has reviewed the entire case file with care. The enormity of the crime, the blatant and repetitious nature of the acts, the defendant's egregious breach of fiduciary duty, the substantial monetary loss occasioned in consequence of Hill's conduct, and the other factors referred to by the court in pronouncing sentence, all counsel toward reaffirmation of the sanction originally levied. As this court noted at the time: "if we are not to sink back into the morass of a more primitive age, there must be accountability in our society."

---

1. WEDNESDAY, FEBRUARY 20, 1985 (SIDE BAR)

MR. KRAUSE: For purposes of cooperation I understand Gene has made him available if the Connecticut authorities want to speak with him with the understanding that whatever Mr. Hill does for purposes of cooperation in Connecticut he does for his own benefit with respect to the investigation in Connecticut because he is a major target of the investigation with respect to a bank that was involved in a loss there. To the extent he cooperates this is for purpose of mitigation of punishment in Connecticut and not in Rhode Island.

The movant has shown no sufficient grounds for relief from his sentence. The motion is denied.

*So ordered.*