**UNITED STATES of America**

v.

**Jose HERNANDEZ, Defendant.**

**No. S 83 Cr. 559 (SWK).**

United States District Court,
S.D. New York.

Aug. 30, 1985.

Rudolph W. Giuliani, U.S. Atty., New York City by Aaron R. Marcu, Asst. U.S. Atty., New York City.

Fisher & Ely, P.C., New York City, for defendant by David W. Ely, New York City.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action is before this Court upon defendant's motion, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, for an order reducing the sentence heretofore imposed.

Defendant was convicted after a jury trial of one count of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, and two counts of distributing heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(A). On February 6, 1984, this Court sentenced the defendant to incarceration for a term of five years on each count, the terms to run consecutively, followed by concurrent five year terms of special parole on the two substantive counts. Defendant is currently serving his sentence at the Federal Correctional Institution in Danbury, Connecticut.

Defendant appealed from his convictions to the United States Court of Appeals for the Second Circuit. The convictions were affirmed on June 18, 1984. This motion ensued.

A motion for the reduction of a sentence rests within the sound discretion of the trial judge. *See United States v. Lacey,* 661 F.2d 1021 (5th Cir.1981); *see also United States v. Serrano,* No. 83 Cr. 493, slip op. (S.D.N.Y. March 27, 1984). Hernandez challenges the sentence here, claiming that its imposition constitutes cruel and unusual punishment in violation of the Eighth Amendment because it is disproportionate to the crime. Defendant further urges the Court to exercise its discretion and reduce his sentence, relying on the following mitigating factors: the hardship to his wife and four year old daughter; the hardship to his ailing seventy year old mother of losing Hernandez's support, especially since the death of his father in January, 1984; and the discrepancy between the parole release guidelines and his expected release date based on my sentence.

Defendant's claim that his sentence is unconstitutionally disproportionate is easily disposed of. The determination of this issue is controlled by the recent decision of the Second Circuit in *United States v. Ortiz,* 742 F.2d 712 (2d Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 573, 83 L.Ed.2d 513 (1984), and by this Court's reasoning in deciding a similar motion made by one of Hernandez's co-defendants, Heriberto Lopez, *United States v. Lopez,* 592 F.Supp. 23 (S.D.N.Y.1984).[1]

Hernandez received a sentence cumulating to fifteen years. That sentence represents thirty years less than the statutory maximum. 21 U.S.C. § 841(b)(1)(A) (1982) (assuming consecutive sentences). Moreover, Hernandez will be eligible for parole after serving five years of his term. 18 U.S.C. § 4205(a); 28 C.F.R. § 2.2(a) (1983). The parole release guidelines call for his release before the expiration of that five year period. Accordingly, Hernandez has a reasonable expectation of being released on parole after serving five years.

---

1. Hernandez recognizes that these cases are controlling; indeed, he eschews any explication of the legal arguments involved and proffers only the purported factual distinctions between Hernandez's background and those of Lopez and Ortiz. (Affidavit of David W. Ely, Esq., in Support of Motion, ¶ 6.)

Hernandez was convicted of trafficking in heroin, a very serious offense. In light of the reasonable parole expectations, I find that the sentence imposed is not unconstitutionally severe when compared with the very grave offense Hernandez committed.

▮ Likewise, I find that the sentence imposed is not disproportionate when compared with the sentence imposed upon other defendants in this jurisdiction. This is readily apparent when Hernandez's sentence is compared with that of his co-defendant, Heriberto Lopez.

Lopez was sentenced upon his plea of guilty to the two distribution counts contained in this indictment to incarceration for a term of five years on each count, the terms to run consecutively, followed by concurrent three year terms of special parole. This Court found many mitigating factors in imposing that sentence. Lopez was a drug addict. His conduct, though culpable, was aimed largely at sustaining his own expensive habit. He pleaded guilty and showed remorse for his illegal conduct. Moreover, his remorse, and his young age (25), were indicators that Lopez desired to, and might be rehabilitated. Finally, Lopez was the street seller in this operation. This is the position occupied by the man second from the bottom in the hierarchy of a street operation.

Hernandez had none of these mitigating factors. He is not an addict. Rather, his illegal conduct was aimed solely at profitting off the weakness of others, at great cost to society. It was believed that his illegal conduct netted him nearly $1500 per week. Indeed, Hernandez managed to support himself (and apparently several others) despite the fact that he had not been employed at all for at least four months, and had not had any significant employment for several years, prior to his arrest. Hernandez has shown no remorse at anytime for his illegal conduct, and the Court feels there is little chance of rehabilitation for him. Finally, and most significantly, Hernandez was the manager of the street operation, the most culpable member of the day-to-day operations. He also was clearly involved in drug trafficking beyond this street operation, as evidenced by his other arrests in the months preceding his arrest for the instant offenses.

Accordingly, I felt, and feel, that his sentence was appropriate when compared with that imposed on Lopez. The sentence imposed on Lopez was not unconstitutional. *See Lopez,* 592 F.Supp. 23; *see also Ortiz,* 742 F.2d 712. The sentence imposed on Hernandez, therefore, *a fortiori* was not unconstitutionally disproportionate to those imposed on other defendants in this jurisdiction.

Finally, Hernandez's sentence is not disproportionate to those imposed on defendants in other jurisdictions for the same offense. Narcotics offenders are treated harshly in other jurisdictions as well. *See Ortiz,* 742 F.2d at 717 (listing cases); *see also United States v. Guzman,* 754 F.2d 482 (2d Cir.1985) (affirming sentence imposed in Eastern District of New York of incarceration for a period of fifteen years—equal to the statutory maximum—on one count of possession with intent to distribute approximately one and one-half kilograms of cocaine). The offense Hernandez committed is a severe one, and it is treated as such in many jurisdictions.

In essence, Hernandez's argument, when viewed in light of his reasonable parole expectations, is that the imposition of a sentence requiring five years of incarceration for the commission of three felonies involving heroin is disproportionate to the crime. The Court does not agree. Hernandez acknowledges that the imposition of a sentence requiring three and one-third years of incarceration for the commission of one felony involving heroin[2] (or even two felonies involving heroin)[3] is not unconstitutionally disproportionate to the crime. The Court finds these cases controlling.

---

2. *Ortiz,* 742 F.2d 712.

3. *Lopez,* 592 F.Supp. 23.

In sum, the Court has reviewed the sentence imposed upon Hernandez in light of the criteria established for reviewing claims that a sentence is unconstitutionally disproportionate to the crime committed, in violation of the Eighth Amendment. *See Solem v. Helms,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In view of defendant's reasonable parole expectations, the Court finds that Hernandez's sentence is not unconstitutionally disproportionate to the grave crime he committed.

In addition to the constitutional argument discussed above, Hernandez argues that certain supplemental information now provided to the Court warrants the reduction of his sentence. Hernandez has advised the Court that his wife, one Josefa Roa, and his four year old daughter have been forced to enroll for Welfare assistance. Hernandez further advised the Court that his father passed away in January of 1984 and that his elderly mother has cardiac disease. Hernandez intimated that his family needs his support. Finally, Hernandez points out to the Court the discrepancy between his parole release guidelines and the expected date of his actual release given this Court's sentence.

Some of this information was before the Court at the time sentence was imposed,[4] and therefore does not warrant the reduction of that sentence. *See Lopez,* 592 F.Supp. at 25; *Serrano,* slip op. at 2. Most of the remainder of this information should have been before the Court at the time sentence was imposed, since it was, or should have been, known to the defendant at that time. For example, the Court was advised at the time of sentence that Hernandez had been married to one Maria Diaz, but that the marriage had not worked out. Hernandez had indicated that he was separated (but not divorced) from Ms. Diaz in 1979, and that they had not had any children. Hernandez also indicated that he had not seen "his wife" for some four-and-

one-half years. Moreover, the Court had been advised that Hernandez was residing in a three bedroom apartment with six of his siblings; indeed, that he was sharing a bedroom with two brothers. The Court does not understand why Hernandez waited until this late date to correct that information and to advise the Court that he is married to another woman and that he has a child. In any event, the Court does not believe that this "new" information warrants a reduction in the sentence imposed.

The Court recognizes that prison sentences impose a hardship on innocent family members, and is extremely sympathetic with the defendant and his family for the hardships they are feeling. Nonetheless, the Court feels that the sentence imposed was just in light of the serious nature of the crime defendant committed, and in light of all the factors discussed above.

Accordingly, defendant's motion for a reduction of sentence is hereby DENIED.

SO ORDERED.

---

**4.** In particular the Court was aware that Hernandez provided support to other family members, including his mother and father (who were separated at the time, and apparently had been for many years), and that there would be a discrepancy between the date his parole release guidelines indicated he might be released and the date he could actually be released given the sentence imposed.