**UNITED STATES of America, Plaintiff,**

v.

**Juan ORTIZ–NEGRON, Defendant.**

**Crim. No. 85–0177CC.**

United States District Court,
D. Puerto Rico.

Dec. 2, 1987.

Daniel F. López–Romo, U.S. Atty., Ricardo R. Pesquera, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Joaquín Monserrate–Matienzo, José R. Aguayo, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

CEREZO, District Judge.

Movant was convicted on various counts which dealt with the theft of three containers of pharmaceutical products entrusted by a drug manufacturer to Eastern Airlines.[1] He was sentenced to serve a term of imprisonment of ten (10) years. After his conviction was affirmed by the First Circuit Court of Appeals (Opinion of May 27, 1987, docket entry 333), defendant moved for a reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

Rule 35 motions are addressed to the discretion of the sentencing court. It has been held that the underlying objective of Rule 35 is to "... give every convicted defendant a second round before the sentencing judge, and [afford] the judge an opportunity to reconsider the sentence in light of any further information about the defendant or the case which may have presented to him in the interim." *United States v. Ellenbogen,* 390 F.2d 537, 543 (2nd Cir.1968), *cert. denied,* 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). Wright, Federal Practice and Procedure: Criminal 2d Section 586; 8A Moore's Federal Practice 2d, paragraph 35.02[1].

Defendant's motion is predicated upon the fact that his incarceration has produced undue hardship to his family, especially to his young son. His son was diagnosed at an early age as having tuberoesclerosis, a permanent condition which causes the formation of callouses on the brain, which, in turn, produce electrical impulses that cause epileptic attacks. Although his epileptic attacks have been controlled, the calcification in his brain is still present. His father, movant herein, provided emotional and

---

1. Aiding and abetting and conspiring and agreeing with others to knowingly, willfully and unlawfully transport in interstate commerce stolen, embezzled and unlawfully taken goods, chattels of a value in excess of $5,000.00 and of aiding and abetting with others to have in his possession goods and chattels of a value in excess of $100.00 that had been stolen, embezzled and unlawfully taken while they were part and constituted an interstate shipment of freight, in violation of 18 U.S.C. Sections 2, 371, 659, 2314.

mental stability until the time of his incarceration. Since movant was incarcerated his son became depressed and withdrawn. According to the school's Academic Director, Mr. Luis A. Orengo Morales, he has demonstrated a short attention span and lack of concentration. Mr. Orengo–Morales recommended that he visit Dr. José G. Quiñonez–Segarra because of his academic inhibition.[2] Dr. Quiñonez–Segarra stated that the patient is suffering from acute schizophrenia which developed since movant was incarcerated. He ordered him taken out of school because of his psychotic condition.[3] Dr. José R. Fumero–Vidal, who gave neuroleptic treatment to movant's son until August 1987 as well as individual and family psycotherapy because of his psychotic crisis, recommended that defendant be integrated into the therapy as a father figure in order to help his son's condition.[4] Dr. Quiñonez–Segarra was "... certain that this boy will improve should his father be able to be at his side and the close, very affectionate, father-son relationship be re-established."

Although we agree that movant's condition was neither caused by society nor by the government, we also must remember that compassion and leniency have not been ruled out of the Federal Rules of Criminal Procedure. "[E]xcessive hardships on a Defendant's family have been recognized as a valid justification for granting a Rule 35(b) motion." *United States v. Sheppard*, 612 F.Supp. 194, 201 (D.C.W.Va.1985). See *Irizarry v. United States*, 58 F.R.D. 65 (D.C.Mass.1973); *United States v. Orlando*, 206 F.Supp. 419 (D.C.E.D.N.Y.1962) (sentence reduced after consideration of facts raised in support of Rule 35 motion, particularly the age of defendant's wife's aunt, who vouched for the latter's maintenance and support due to her serious illness). But see *United States v. Hernández*, 617 F.Supp. 83 (D.C.S.D.N.Y.1985)

(fact that defendant's wife and four year old daughter were forced to enroll in welfare; that his father had died and his elderly mother, who had lost her husband's support, had a cardiac disease, did not warrant a reduction of sentence); *United States v. Hill*, 611 F.Supp. 854 (D.C.R.I.1985); *United States v. Del Toro*, 405 F.Supp. 1163 (D.C.S.D.N.Y.1975). The latter cases can be distinguished from the situation in the present case. *Hernández*, for example, dealt with economic hardship, and the District Courts of *Hill* and *Del Toro* did not even discuss the nature of the family hardship. In contrast, the family hardship [5] experienced by this family and the medical condition of movant's son is amply documented in the record. Compare with *United States v. Sheppard, supra*, 612 F.Supp. at 201 (all the children were adults and defendant's daughter's condition, hypoglycemia, was described by her doctor as "mild").

Movant has asked the court to reduce the sentence to time served, or, in the alternative, that his sentence be reduced to the amount of time he has served with the addition of imposing a period of probation. Despite our recognition of the extreme family hardship, the seriousness of the crimes for which movant was convicted impede such a disposition. Moved by the suffering and illness of defendant's young son, the Court reduces the sentence and hopes that the decision it reaches today will be the first step in his complete rehabilitation.

Accordingly, the Request for Reduction of Sentence Pursuant to Rule 35 of the Federal Rules of Criminal Procedure is hereby GRANTED and Juan Ortiz–Negrón's sentence is reduced to four (4) years in Count One; two and a half (2½) years in Count Two; and five (5) years in Count Three, said terms to be served con-

---

2. Request for Reduction of Sentence Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, docket entry 344, Exhibit 13.

3. Request for Reduction of Sentence Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, docket entry 344, Exhibit 14.

4. Request for Reduction of Sentence Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, docket entry 344, Exhibit 12.

5. Movant's son attempted to commit suicide, and has become violent towards his mother and two sisters.

currently with each other. That aspect of the sentence related to restitution remains unaltered.

SO ORDERED.