John Andrew **GRAVES**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 94–CV–566.

United States District Court,
N.D. New York.

March 11, 1995.

Thomas Maroney, U.S. Attorney's Office, Albany, NY (Bernard Malone, Jr., of counsel), for respondent.

John Andrew Graves, pro se.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

Presently before the Court is petitioner John A. Graves' motion for a modification of

his sentence made pursuant to 28 U.S.C. § 2255. The petitioner alleges prosecutorial misconduct and ineffective assistance of counsel as grounds for his motion.

## I. BACKGROUND

On November 23, 1992 the petitioner, John Andrew Graves, (hereinafter "Graves") appeared before this court and pled guilty to conspiracy to transport and receive stolen goods through interstate commerce in violation of 18 U.S.C. §§ 371, 2314–15. This plea was entered pursuant to an agreement between Graves and the government, whereby Graves would plead guilty to the first count of a three count Indictment, in return for the remaining two counts being dismissed at sentencing. On March 19, 1993 Graves was sentenced to 30 months imprisonment to be followed by 24 months supervised release and, furthermore, was ordered to make restitution jointly and severally with his co-conspirators. In accordance with the terms of the written plea agreement, Counts Two and Three of the Indictment (transporting stolen goods through interstate commerce in violation of 18 U.S.C. § –2314, and possession and transportation of stolen goods through interstate commerce in violation of 18 U.S.C. §§ 2, 2315, respectively), were dismissed. Graves is currently incarcerated at F.C.I.–Petersburg in Virginia.

On May 3, 1994 Graves initiated this action to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In support of this motion, Graves alleges, generally, prosecutorial misconduct and ineffective assistance of counsel. For the reasons stated below, this court finds that Graves is procedurally barred from raising claims regarding prosecutorial misconduct. Furthermore, the court finds Graves' allegation of ineffective counsel to be without merit.

## II. DISCUSSION

### A. Collateral Attack based on Prosecutorial Misconduct.

Both society and this court have a strong and legitimate interest in the finality of judgments. Once a defendant has been given a fair opportunity to present his claims in a federal forum, "we are entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982). Because of society's interest in the finality of judgments, a prisoner must clear a significantly higher hurdle in a collateral attack than would exist on direct appeal. *Id.* at 166, 102 S.Ct. at 1593. This interest in finality is especially strong when the conviction is based on a guilty plea. *Lucas v. United States*, 963 F.2d 8, 14 (2d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992) (quoting *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087–88, 60 L.Ed.2d 634 (1979)). After a guilty plea, the petitioner is limited to challenging only the knowing and voluntary character of the plea. *Baker v. United States*, 781 F.2d 85, 88 (6th Cir.1986) *cert. denied*, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). In this regard, it is well established that, under some conditions, prosecutorial threats, misrepresentations, or improper promises may challenge the voluntary and intelligent nature of the plea. *United States v. Wright*, 43 F.3d 491, 495–96 (10th Cir. 1994) (quoting *Bradbury v. Wainwright*, 658 F.2d 1083, 1086 (5th Cir.1981), *cert. denied*, 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982)).

In the case at bar, Graves alleges four specific instances of prosecutorial misconduct which he claims made his guilty plea involuntary: first, that the prosecutor used evidence obtained in an illegal search and seizure to coerce the petitioner to enter a guilty plea; second, that the prosecutor provided the court with a false criminal history on the petitioner, which improperly caused the court to increase petitioner's bail; third, that the prosecutor withheld tape recordings that would have revealed that the petitioner's confession was made while he was intoxicated; and fourth, that the prosecutor withheld statements made by petitioner's co-conspirators which would have revealed that the petitioner played a relatively minor role in the conspiracy. These four allegations are taken in *seriatim*.

### 1) Illegal search and seizure

■ It is well established that claims of "invalid search [and] illegal seizure of evidence ... are disposed of by [a] guilty plea" and cannot be raised on collateral attack unless the petitioner can meet the "cause and prejudice" test. *United States v. Salzano*, 241 F.2d 849, 849 (2d Cir.1957); *see Campino v. United States*, 968 F.2d 187, 189–90 (2d Cir.1992); *United States v. Rodriguez*, 444 F.Supp. 163, 164 (S.D.N.Y.1978). More specifically, the petitioner is procedurally barred from bringing his Fourth Amendment claim on a 2255 motion unless he is able to show both cause for his failure to raise such a claim at the initial proceeding and prejudice from the alleged error. *Fiumara v. United States*, 727 F.2d 209 (2d Cir.1984), *cert. denied*, 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984).

In reviewing the papers submitted, it is plain that Graves did possess knowledge of the alleged illegal search and seizure at the time of the initial proceeding. It is therefore important that he be able to show cause to explain for his failure to challenge such claim at that time. Graves has failed to do so, and thus, the said claim is procedurally barred and is dismissed.

### 2) False criminal history

The petitioner's second claim of excessive bail also fails on procedural grounds because it is now well recognized that errors regarding excessive bail are "not cognizable in a section 2255 action." *Kett v. United States*, 722 F.2d 687, 690 (11th Cir.1984).

■ Even assuming, *arguendo*, that the law recognized excessive bail as a valid basis for a 2255 motion, and furthermore, that the criminal history provided by the government did indeed overstate the petitioner's criminal record which resulted in excessive bail for the petitioner, such claim would nevertheless be dismissed because it fails to meet the afore-mentioned cause and prejudice test required for a 2255 motion. Graves has shown neither cause to explain why this issue was not raised during the initial proceeding nor actual prejudice resulting from the court's

requirement that he post a $15,000 secured bond.

For these stated reasons, petitioner's second claim of excessive bail is also dismissed.

### 3 & 4) Prosecution's withholding of tape recordings and co-conspirators' statements

■ The petitioner's third and fourth claims alleging the withholding of certain tape recordings and co-conspirator statements by the prosecutor can be disposed of together. In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." *Id.* at 87, 83 S.Ct. at 1196–97. Evidence is considered to be "material" only if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Wright*, 43 F.3d at 496 (10th Cir. 1994) (quoting *Ballinger v. Kerby*, 3 F.3d 1371, 1376 (10th Cir.1993)). Thus, the prosecutor is not required to "deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *Wright*, 43 F.3d at 496 (quoting *United States v. Bagley*, 473 U.S. 667, 675, 105 S.Ct. 3375, 3379–80, 87 L.Ed.2d 481 (1985)).

The question presented by the petitioner's third and fourth claims is whether the evidence that the petitioner contends was wrongly withheld by the prosecutor was material to the guilt or punishment of the petitioner, so as to "taint the criminal proceeding so substantially that the defendant's decision to plead guilty could not fairly be called knowing and intelligent." *Wright*, 43 F.3d at 495. Examples of evidence that would satisfy this standard include exculpatory evidence, such as the statement of a witness confirming a defendant's alibi, or evidence going to the reliability of a witness when the reliability of that witness' testimony may be

determinative of guilt or innocence. *See Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

The evidence which the petitioner alleges was withheld by the prosecution in this case falls below the standard of materiality required for a collateral attack on a guilty plea by a 2255 motion. The petitioner claims that the tape recordings of his confession would reveal that petitioner's confession was made while he was intoxicated, and that the statements of his co-conspirators would reveal that petitioner played a relatively minor role in the criminal conspiracy than had been alleged by the police during the investigation of the crime. The petitioner does not contend that this evidence would have shown that he was not guilty of the crime with which he was charged. It does not, therefore, undermine the confidence of the court that the petitioner was in fact guilty of the crime to which he pled guilty to in open court, and is not material to the guilt of the petitioner.

Nor is this evidence material to the punishment received by the petitioner. The petitioner's conviction and sentence which followed his guilty plea were based solely upon the plea, and not upon any evidence or confession elicited in the proceedings prior to that point. Before the court accepted the petitioner's guilty plea, the court advised Graves of his constitutional rights and interrogated him in full compliance with Rule 11 of the Federal Rules of Criminal Procedure. Graves acknowledged that he was making his plea freely and voluntarily, and with full understanding of the nature of the charge and the consequences of his plea. He assured this court that he was pleading guilty because he was guilty and for no other reason. The court then elicited the factual basis for his plea, and Graves confessed in open court to the specific details of his crime. This admission and guilty plea formed the basis for his sentence. Nothing in the evidence goes to undermine the confidence of the court that this sentence was appropriate. Therefore, as the alleged evidence of prosecutorial misconduct is immaterial to the guilt or punishment of the petitioner, he is proce-durally barred from raising these claims on collateral attack.

**B. Collateral Attack based on Ineffective Assistance of Counsel**

■ In order to make a claim for ineffective assistance of counsel in a 2255 motion, the petitioner must show (1) that the attorney's representation was unreasonable under prevailing professional norms, and (2) that there was a reasonable probability that, but for the counsel's unprofessional errors, the result of the initial proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674 (1984).

In performing this analysis, the court has a strong interest in not second guessing the tactical decisions made by defense counsel. Such scrutiny, aided by hindsight, would undermine the finality of a judgment and could adversely affect "[c]ounsel's performance and even willingness to serve." *Id.* at 690, 104 S.Ct. at 2066. Rigid requirements for acceptable conduct "could dampen the ardor and impair the independence of defense counsel, discourage the acceptance of assigned cases, and undermine the trust between attorney and client." *Id.* As a result of these interests, defense counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Graves' claim of ineffective assistance of counsel is based on three specific instances of alleged misconduct: (1) defense counsel failed to move to suppress evidence that had been obtained from Graves' co-conspirator in an alleged illegal search and seizure; (2) defense counsel failed to subpoena two witnesses who allegedly would have been able to testify that Graves had been drinking heavily on the night and early morning before his arrest; and (3) defense counsel misled Graves into entering a plea agreement by overstating the potential sentence he would have faced had he opted to go to trial. The court finds all three of these claims to be without merit.

### 1) Suppression of evidence

■ Graves' claim that his counsel was ineffective due to his failure to challenge certain evidence alleged to be the product of an illegal search and seizure is groundless. It is well established that a defendant may seek to exclude evidence derived from a search or seizure only if *his own* "legitimate expectation of privacy" was violated. *Rakas v. Illinois*, 439 U.S. 128, 150, 99 S.Ct. 421, 434, 58 L.Ed.2d 387 (1978). In other words, a defendant may not assert "the rights secured to someone else by the Fourth and Fourteenth Amendments." *Rakas*, 439 U.S. at 150, 99 S.Ct. at 434. Because Graves has never claimed to own or to have a possessory interest in the automobile driven by Quackenbush, nor in the silver ingot seized from the trunk, Graves lacked standing to challenge the search of the car and the seizure of the silver ingot. Defense counsel was therefore not unreasonable in electing not to attempt a fruitless motion to suppress this evidence on behalf of Graves.

### 2) Failure to subpoena witnesses

■ Graves' second claim of ineffective counsel, based on his counsel's failure to subpoena two witnesses who could have testified that Graves had been intoxicated prior to his arrest and confession, is also without merit. This claim fails the second prong of the *Strickland* test, in that Graves fails to show a reasonable probability that this evidence would have produced a different outcome.

The petitioner's statement that evidence of intoxication alone would result in the suppression of his confession of August 6, 1992 is erroneous. Even if the court assumes that the petitioner was functioning with a limited capacity due to voluntary consumption of alcohol, in order for the petitioner to prove that the confession was involuntary there must still be some showing of official coercion. *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986) ("coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary.'"). Intoxication is relevant to the inquiry only to the extent that it would make the petitioner "more susceptible to mentally coercive police tactics." *Andersen v. Thieret*, 903 F.2d 526, 530 n. 1 (7th Cir.1990); *accord United States v. Montgomery*, 14 F.3d 1189, 1195 (7th Cir.1994).

In the case at bar, as the petitioner has not alleged any abuse or coercion on the part of the police in relation to his confession of August 6, 1992, testimony that Graves had been intoxicated some hours before his confession would have been immaterial to the outcome of the case. Defense counsel's decision not to rely on these witnesses, therefore, did not result in prejudice to the petitioner.

### 3) Overstatement of potential sentence

■ Graves third claim, that his decision to accept a plea agreement was not knowingly made due to defense counsel's misstatement of his potential sentence and the possibilities of enhancement, also fails because petitioner has, again, failed to show prejudice. Regardless of whether or not the petitioner's defense counsel misstated the penalty available under the law at some early part of the criminal proceedings, the Plea and Cooperation Agreement between Graves and the government shows the following: (1) that both parties agreed that the maximum statutory penalty for the offense was five years imprisonment and a fine of $250,000; (2) that both parties understood that the federal sentencing guidelines applied to the offense; and (3) that both parties understood how the guidelines would be applied to the petitioner's case. This agreement was signed by Graves, his attorney Mark A. Major, and the assistant U.S. attorney on November 12, 1992. If any misstatement occurred prior to this date, it was made immaterial by the fact that Graves entered the Plea and Cooperation Agreement with the full knowledge of the sentence he faced and the applicability of the federal sentencing guidelines to his case.

Finally, Graves assertion that he should have received a reduction of one Offense Level for acceptance of responsibility under U.S.S.G. § 3E1.1(b) also fails. This section applies only to defendants with an offense level of 16 or greater. The petitioner's sentence was based on an adjusted offense level of 15, minus a two level adjustment for acceptance of responsibility which produced a

total offense level of 13. The rationale behind each element of the calculation of the petitioner's offense level was spelled out in the Plea and Cooperation Agreement, signed by the petitioner on November 12, 1992. Thus, the additional one level decrease available under U.S.S.G. 3E1.1(b) for those defendants with a total offense level of 16 or greater does not apply to the petitioner.

## III. CONCLUSION

The court finds the petitioner, John Andrew Graves, is procedurally barred from raising issues regarding prosecutorial misconduct. Mr. Graves has failed to show either cause for failing to raise these issues in the initial proceeding, or a reasonable probability that his new claims would change the outcome of the proceeding. Furthermore, after a review of the record as a whole, the court does not find sufficient evidence to conclude that Mr. Graves received ineffective representation by his counsel. In addition, Mr. Graves has already received the appropriate reduction in sentence for accepting responsibility and no further reduction is appropriate. For the foregoing reasons the motion is denied.

**IT IS SO ORDERED.**